IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ED BAILEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:10-cv-1039 |
| v. | ) | |
| | ) | District Judge Donetta W. Ambrose/ |
| PENNSYLVANIA DEPARTMENT OF | ) | Magistrate Judge Maureen P. Kelly |
| CORRECTIONS; PRISON HEALTH | ) | |
| SERVICES; and DR. MEYERS, | ) | |
| | ) | |
| Defendants. | ) | ECF Nos. 14 and 25 |

**REPORT AND RECOMMENDATION**

**I.  RECOMMENDATION**

It is respectfully recommended that the Motion to Dismiss Complaint filed by Defendant, Pennsylvania Department of Corrections, ECF No. 25, be granted and that the Complaint against it be dismissed with prejudice.  It is further recommended that the Motion to Dismiss Plaintiff's Complaint filed by Defendants, Prison Health Services, Inc., and Christopher Meyers, ECF No. 14, be granted and that the Complaint against them be dismissed without prejudice.

**II.  REPORT**

**A.  PROCEDURAL HISTORY**

Ed Bailey, ("Plaintiff"), having been convicted of state court charges, is currently serving sentences in the Pennsylvania Department of Corrections ("DOC") at the State Correctional Institution at Fayette ("SCI-Fayette").  Plaintiff, proceeding *pro se* and *in forma pauperis*, ECF No. 10, has filed a civil rights action against three defendants: 1) the DOC; 2) Prison Health

Services, Inc. ("PHS"); and 3) Christopher Meyer, a Physician's Assistant. The Court will refer to PHS and Mr. Meyer collectively as "the Medical Defendants."

The operative Complaint is ECF No. 11. The Medical Defendants have filed a Motion to Dismiss for failure to state a claim upon which relief can be granted and a brief in support. ECF Nos. 14 and 15.

In June, 2011, Plaintiff was ordered to file a response to the Medical Defendants' Motion to Dismiss. ECF No. 19. Later in June, this case was referred to the undersigned. ECF No. 21. Plaintiff filed a Motion for Extension of Time in which to file a response to the Medical Defendants' Motion to Dismiss, ECF No. 20, which was granted on July 6, 2011 and gave Plaintiff until August 24, 2011 in which to file his response. ECF No. 22. On August 5, 2011, Plaintiff filed a second Motion for Extension of Time in which to file a response to the Medical Defendants' Motion to Dismiss, ECF No. 24, which was also granted and gave Plaintiff until October 17, 2011. ECF No. 28.

In the meantime, on August 9, 2011, the DOC filed a Motion to Dismiss and a brief in support. ECF Nos. 25 and 26. The Court ordered Plaintiff to file a Response to the DOC's Motion to Dismiss by October 17, 2011. ECF No. 29. On October 3, 2011, Plaintiff filed yet another Motion for Extension of Time in which to file a response, requesting sixty additional days. ECF No. 32. It is not clear from Plaintiff's most recent Motion for Extension of Time, whether he is seeking an extension of time in which to respond to the Medical Defendants' Motion to Dismiss or DOC's Motion to Dismiss or both. On October 4, 2011, this Court denied Plaintiff's most recent Motion for Extension of Time and instructed him that his responses to both Motions to Dismiss remain due on October 17, 2011. ECF No. 33. Plaintiff filed a Motion

for Reconsideration of this Court's Order denying him the extension of time. ECF No. 34. On November 1, 2011, this Court denied Plaintiff's Motion for Reconsideration and ruled that the Defendants' Motions to Dismiss would be decided absent Plaintiff's filing of responses. ECF No. 35. As of the date of this Report and Recommendation, Plaintiff has still not responded to either of the pending motions.

### B. STANDARD OF REVIEW

Defendants have filed Motions to Dismiss based on Fed. R. Civ. P. 12(b)(6), pointing out that the Complaint fails to state a claim upon which relief can be granted. As the United States Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), a complaint may properly be dismissed pursuant to Fed. R. Civ. P. 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Under this standard, the court must, as a general rule, accept as true all factual allegations of the complaint and all reasonable inferences must be viewed in the light most favorable to plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). Nevertheless, under the 12(b)(6) standard, a "court need not . . . accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001), *amended by,* 275 F.3d 1187 (9th Cir. 2001). Nor must the court accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997)). Finally, a court must

3

not accept legal conclusions set forth as factual allegations. Bell Atlantic Corp., 550 U.S. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

In addition to the complaint, courts may consider matters of public record and other matters of which a court may take judicial notice, court orders, and exhibits attached to the complaint when adjudicating a motion to dismiss under Rule 12(b)(6). Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994).

The question to be resolved is: whether, taking the factual allegations of the complaint, which are not contradicted by matters of which judicial notice may be had, and taking all reasonable inferences to be drawn from those uncontradicted factual allegations of the complaint, are the "factual allegations . . . enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. at 555. Or put another way, a complaint may be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

Where a plaintiff is proceeding *pro se*, courts accord an even more liberal reading of the complaint, employing less stringent standards when considering *pro se* pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519 (1972).

**C. DISCUSSION**

    **1. The Allegations of the Complaint**

The operative Complaint alleges that: Plaintiff has had a prosthetic leg since 1984, that he has had severe pain and that his prosthetic leg was falling into disrepair and no longer operative. ECF No. 11 at 3, ¶¶ a to b. Plaintiff also claims that nearly 5 months prior to the

filing of the Complaint that his prosthetic leg was taken and, even after five months, it was still not returned to him.

Plaintiff also alleges that he has been experiencing pain and has made several attempts to see a doctor who specializes in treating amputees but none of the Defendants would permit or refer Plaintiff to see an outside specialist. ECF No. 11 at 3, ¶ c. Further, Plaintiff claims that despite his pain in the area of the amputation, Defendant Myers has only prescribed Elavil, which is, according to Plaintiff, an anti-depressant and "not for pain." ECF No. 11 at 3, ¶ f.

Plaintiff also alleges that Defendant Myers is a Physician's Assistant and is not qualified to assess Plaintiff's medical condition. ECF No. 11 at 2, ¶ IV.C.

Plaintiff contends that the foregoing states a claim for a violation of his Eighth Amendment rights to be free of cruel and unusual punishment. Id. at 2, ¶ III.

Plaintiff's Complaint does not specifically mention the Civil Rights Act of 1871, 42 U.S.C. § 1983, however, because he is seeking to vindicate his constitutional rights and he does not have a cause of action directly under the Constitution, a liberal reading of the Complaint requires the court to construe his Complaint as one invoking the court's jurisdiction pursuant to 42 U.S.C. § 1983. See, e.g., Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 925 (9th Cir. 2001) ("a litigant complaining of a violation of a constitutional right does not have a direct cause of action under the United States Constitution but must utilize 42 U.S.C. § 1983."); Azul-Pacifico, Inc. v. City of Los Angeles, 973 F.2d 704, 705 (9th Cir. 1992) ("Plaintiff has no cause of action directly under the United States Constitution. We have previously held that a litigant complaining of a violation of a constitutional right must utilize 42 U.S.C. § 1983.").

**2. The Motion to Dismiss of the DOC.**

The DOC has filed a Motion to Dismiss, pointing out that it is entitled to immunity from suit under the Eleventh Amendment. ECF No. 25. The DOC is correct. The claims against the DOC should be dismissed with prejudice.

The Eleventh Amendment bars suits in federal courts against the state irrespective of the type of relief requested. See Lavia v. Pennsylvania, Dep't of Corrections, 224 F.3d 190, 195 (3d Cir. 2000) ("the type of relief sought is irrelevant to the question of Eleventh Amendment immunity."). Here, DOC is the equivalent of the Commonwealth of Pennsylvania for Eleventh Amendment purposes. See e.g., Walker v. Beard, 244 F. App'x 439, 440 (3d Cir. 2007) ("Because the Pennsylvania DOC is a part of the executive department of the Commonwealth of Pennsylvania, it shares in the Commonwealth's Eleventh Amendment immunity."). There are only two exceptions to the Eleventh Amendment bar to suit against the states in federal court. Lavia, 224 F.3d at 195. One exception is for Congress to validly abrogate the immunity and the second exception is for states to waive the immunity. Id. Congress has not abrogated the States' immunity under 42 U.S.C. § 1983. Boykin v. Bloomsburg Univ. of Pa., 893 F.Supp. 378, 394 (M.D. Pa.1995) (holding that states' immunity has not been abrogated for actions brought under §§ 1981, 1983, 1985, and 1986), *aff'd*, 91 F.3d 122 (3d Cir. 1996). See also Dianese Inc. v. Pennsylvania, No. Civ. A. 01-488, 2001 WL 876919, at *1 (E.D. Pa. April 17, 2001), *aff'd*, 48 F.App'x 40 (3d Cir. 2002) (Table). Nor has Pennsylvania waived its Eleventh Amendment immunity. 42 Pa.C.S.A. § 8521 (b). See also Harris v. Zappan, NO. CIV A 97-4957, 1999 WL 360203, at *2 (E.D. Pa. May 28, 1999). Thus, all of Plaintiff's claims against DOC must be

dismissed for failure to state a claim upon which relief can be granted because his claims are barred by the Eleventh Amendment and no exceptions to the Eleventh Amendment immunity apply herein. Because amendment would be futile, the claims against DOC should be dismissed with prejudice.

### 3. The Motion to Dismiss of the Medical Defendants.

The Medical Defendants have also filed a Motion to Dismiss. ECF No. 14. Among the legal arguments raised in support of this Motion to Dismiss is that Plaintiff fails to state a claim for deliberate indifference under the Eighth Amendment because he has failed to sufficiently allege the subjective component of an Eighth Amendment claim. We agree.

An Eighth Amendment claim embodies both an objective and a subjective component. Farmer v. Brennan, 511 U.S. 825, 832 (1994). A plaintiff must demonstrate that: 1) he is incarcerated under conditions posing a substantial risk of serious harm; and 2) prison officials showed "deliberate indifference" to such risk. Id., 511 U.S. at 834. In cases involving the denial of medical care or denying medically necessary devices/accommodations, a plaintiff must allege facts supporting the existence of the subjective component of an Eighth Amendment claim, i.e., the defendants acted with deliberate indifference to a serious medical need. Estelle, 429 U.S. 97 (1976). The Supreme Court has held that "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain . . . proscribed by the Eighth Amendment." Estelle, 429 U.S. at 104 (internal quotations omitted). The United States Supreme Court explained that "deliberate indifference" occurs when a prison "official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he

must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

As a corollary of the deliberate indifference standard, negligence by staff at the prison, medical personnel and physicians in treating prisoners is not sufficient to state an Eighth Amendment violation. Estelle, 429 U.S. at 105-06.

In the case at issue, the mere fact that the Medical Defendants would not refer Plaintiff to see an outside specialist fails to state a claim of deliberate indifference. Under the factual allegations of the current Complaint, this alleged failure to refer Plaintiff to a specialist, at most, may rise to negligence, which fails as a matter of law to state a federal constitutional claim. See, e.g., Hood v. Prisoner Health Services, Inc. 180 F.App'x 21, 25 (10th Cir. 2006) ("As the district court concluded, however, his factual allegations, which include . . . refusal to send him to an outside specialist, cannot establish a constitutional violation").

Insofar as Plaintiff complains about Defendant Myers' treatment of Plaintiff's pain with the drug Elavil, we take judicial notice of the fact that Elavil is apparently utilized to do so in the medical community.[1] The mere fact that Mr. Myers treated Plaintiff with Elavil in order to address Plaintiff's complaints of pain simply fails to state a claim for deliberate indifference.

The last component of Plaintiff's deliberate indifference claim is that Plaintiff has been without his prosthetic leg for nearly five months at the time he signed his complaint in July 2010. It is not clear why there was a five month delay, nor is it clear if such a delay is normal. The

---

[1] See, e.g., 1) http://www.rxlist.com/elavil-drug.htm (observing that "This medication may also be used to treat nerve pain (such as peripheral neuropathy, postherpetic neuralgia)");
2) http://www.nationalpainfoundation.org/articles/111/pain-and-depression,-part-2 (observing that "Amitriptyline (Elavil) was the next major revolution in the group of drugs known as tricyclics. Tricyclics have been in widespread use for 20 years and have been tremendously useful for the treatment of depression and pain.") (sites last visited 11/15/2011).

mere fact that there was delay, however, is insufficient absent some allegation that the Defendants failed to address Plaintiff's needs that he faced while he was without his prosthetic leg. However, the Complaint itself reveals that in lieu of the prosthetic leg, Plaintiff was apparently provided a wheelchair. ECF No. 11 at 3 ("to see if the Pennsylvania Department of Corrections put me permatly [sic] in a wheel chair."). Providing a wheel chair in lieu of the prosthetic leg, while awaiting a new prosthetic leg or the repair of the old leg, simply does not evidence the requisite mindset of deliberate indifference.

In the alternative, mere delay in the provision of medical care is not sufficient in itself to state a claim of deliberate indifference. Rather, the delay must cause some harm.

The general rule is that "delay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference which results in . . . harm." Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993); Sealock v. Colorado, 218 F.3d 1205, 1210 (10th Cir. 2000) ("Delay in medical care only constitutes an Eighth Amendment violation where the plaintiff can show that the delay resulted in . . . harm."). This is the rule in this Circuit. See, e.g., Brooks v. Kyler, 204 F.3d 102, 105 n.4 (3d Cir. 2000) (the prisoner-plaintiff "presented no evidence of any harm resulting from a delay in medical treatment."). Plaintiff has alleged no substantial harm resulting from any delay between the time Plaintiff's prosthetic leg was taken away and the time he filed his complaint.[2] Hence, on this alternative ground, this claim must likewise be dismissed for failure to state a claim.

---

[2] While Plaintiff does complain of pain, it appears that the pain is not the consequence of being without his prosthetic leg but, is instead the consequence of either the prosthetic leg being worn out or due to the fact of Plaintiff having under gone an amputation, leaving him with chronic pain at the amputation site.

Having found no claim of deliberate indifference against Defendant Myers, Plaintiff cannot make out a claim of deliberate indifference against PHS. See, e.g., Montilla v. Prison Health Services, Inc., Civ.A. No. 11–2218, 2011 WL 4467712 (E.D.Pa., Sept. 23, 2011).

The Court in Montilla succinctly explained the controlling law in this area:

> If a private corporation acts with "power 'possessed by virtue of state law and made possible only because [it] is clothed with the authority of state law,'" it is acting under color of state law and may be sued under § 1983 for actions taken that deprive an inmate of adequate medical care. *Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995) (quoting *West v. Atkins*, 487 U.S. 42, 49, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988)). *See also Natale v. Camden Cnty. Correctional Facility*, 318 F.3d 575, 584 (3d Cir. 2003). However, it cannot be held liable for the actions of its employees under a respondeat superior theory. *Natale*, 318 F.3d at 583. It can be liable where it instituted a policy, practice or custom that resulted in the plaintiff's constitutional injury. *Woloszyn v. Cnty. of Lawrence*, 396 F.3d 314, 325 (3d Cir. 2005). An employee's actions are the result of a PHS policy or custom if: (1) PHS promulgated a policy statement and the injurious act occurred as a result of the implementation of that policy; (2) the policymaker himself violated a federal law; or (3) the policymaker is deliberately indifferent to the need for action to correct an inadequate practice that is likely to result in a constitutional violation and fails to act. *Natale*, 318 F.3d at 584.
>
> Having determined that Montilla has failed to state a claim for deliberate indifference against the individual medical defendants, we do not reach the question of whether the action taken was the result of a PHS policy, practice or custom. There was no constitutional violation that could have resulted from PHS policy. Thus, no liability can be imputed to PHS.

Montilla, 2011 WL 4467712 at *5 to *6. In like manner, having found that Plaintiff fails to state a claim against Myers, Plaintiff consequently cannot state a claim against PHS, since there was no constitutional violation that could have resulted from a PHS policy.

Finally, Plaintiff fails to successfully allege a policy or custom by PHS that deprived him of his Eighth Amendment rights. The only two factual allegations contained in the Complaint against PHS are as follows:

10

> Prison Health Services should allow me to see an amputy [sic] doctor outside of this facility to see if the Pennsylvania Department of Corrections put me permatly [sic] in a wheel chair.
> . . . .
> Prison Health Services has a track record of horrying [sic] matter of a violation of my 8th Amendment rights [against] cruel and unusual punishment.

ECF No. 11 at 3, ¶¶ E and G.

These bare allegations are insufficient because in order to hold PHS liable under Section 1983 for a violation of Plaintiff's Eighth Amendment rights, Plaintiff must allege a policy or custom that caused Plaintiff harm. <u>Natale v. Camden County Corr. Facility</u>, 318 F.3d 575, 583 - 84 (3d Cir. 2003) ("PHS cannot be held responsible for the acts of its employees under a theory of respondeat superior or vicarious liability. In order for PHS to be liable, the Natales must provide evidence that there was a relevant PHS policy or custom, and that the policy caused the constitutional violation they allege.")(footnote and citations omitted). Plaintiff has not sufficiently alleged any such policy or custom nor has he sufficiently alleged any harm caused by such a policy.

The claims against the Medical Defendants must be dismissed albeit without prejudice as we cannot conclude that amendment would be futile or inequitable.

### III. CONCLUSION

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties are allowed until December 16, 2011 to file objections. Failure to timely file objections will constitute a waiver of any appellate rights. Brightwell v. Lehman, 637 F.3d187, 193 n.7 (3d Cir. 2011).

                                                                     s/ Maureen P. Kelly
                                                                      Maureen P. Kelly
                                                                      U.S. Magistrate Judge

Dated: November 29, 2011

cc:     The Honorable Donetta Ambrose
        United States District Judge

        Ed Bailey
        HV-0561
        SCI-Fayette
        P.O. Box 9999
        50 Overlook Drive
        LaBelle, PA 15450-1050

        All Counsel of Record – via ECF